UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **WHITNEY-SIMONE BROWN** | **CIVIL ACTION NO. 23-495** |
| **VERSUS** | **JUDGE EDWARDS** |
| **EQUIFAX INC ET AL** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the Court are two motions to dismiss. The first was filed by Equifax, Inc. ("Equifax"), Mark Begor ("Begor"), and John Gamble ("Gamble") (collectively, the "original Defendants").[1] The second was filed by Equifax Information Services, LLC ("EIS").[2] The plaintiff, Whitney-Simone Brown ("Ms. Brown"), opposes both.[3]

After careful consideration of the parties' memoranda and the applicable law, the motions are **GRANTED,** and Whitney-Simone Brown's claims against Equifax, Inc., Mark Begor, John Gamble, and Equifax Information Services, LLC are **DISMISSED.**

### I.   BACKGROUND

Ms. Brown originally brought this case against Equifax and two of its corporate officers—Begor and Gamble, alleging violations of the Fair Credit Reporting Act[4] ("FCRA") and the Gramm-Leach-Bliley Act[5] ("GLBA").[6] The original Defendants responded with a motion to dismiss alleging that Equifax was not a proper defendant

---

[1] R. Doc. 25.
[2] R. Doc. 29
[3] R. Doc. 27; R. Doc. 32.
[4] 15 U.S.C. § 1681, *et seq.*
[5] 15 U.S.C. § 6801, *et seq.*
[6] R. Doc. 1 at 2, 6–7.

under the FCRA; that the Court lacked personal jurisdiction over Begor and Gamble; and that Begor and Gamble were not properly served.[7] In response, Ms. Brown filed a *Motion to Amend and Change Defendants*, conceding that Equifax, Begor, and Gamble "were not the proper parties to be named as defendant[s] in this civil suit," and "request[ed] that" the Court substitute EIS in their stead.[8] The Court denied Ms. Brown's first motion to amend as it lacked an attached amended complaint.[9] Ms. Brown corrected this oversight, moved again for amendment, and was granted leave to do so.[10] In light of Ms. Brown's amendment, the Court denied the original Defendants' first motion to dismiss.[11] The two instant motions to dismiss followed.

The original Defendants' second motion to dismiss states the obvious in light of Ms. Brown's Amended Complaint: (1) that Ms. Brown no longer states a claim against the original Defendants, and (2) that the Amended Complaint "fails to plead any facts establishing personal jurisdiction" over the original Defendants.[12] While in the record as her response to the motion, Ms. Brown's *Brief of Additional Evidence to Support Claim* does not address this Motion to Dismiss, nor the original Defendants at all.[13] Instead, it only addresses Ms. Brown's claims against EIS.[14] Thus, taken in combination with her admission that the original Defendants are not proper parties to this suit, the Court considers this motion unopposed.[15]

---

[7] *See* R. Doc. 11 at 4–9.
[8] R. Doc. 17.
[9] R. Doc. 19.
[10] R. Doc. 21.
[11] *See* R. Doc. 24.
[12] R. Doc. 25-1 at 4.
[13] *See* R. Doc. 27 at 1–3.
[14] *Id.*
[15] *See* R. Doc. 17.

The Motion to Dismiss filed by EIS is more substantive.[16] In it, EIS argues that Ms. Brown "fails to identify what the alleged inaccuracy is that she claims she disputed to Equifax" as required to state a claim under § 1681i of the FCRA.[17] Furthermore, EIS submits that § 1681(a)(4) of the FCRA does not provide a cause of action; and that Ms. Brown misunderstands the definitional nature of §1681a(d)(2) of the FCRA.[18] Accordingly, and considering Ms. Brown's prior opportunity to cure alleged defects in her complaint, EIS asks us to dismiss her claims with prejudice.[19]

Ms. Brown filed an opposition, along with 103 pages of hand-annotated credit records.[20] In short, Ms. Brown offers that "[t]here are over 100 noted and highlighted errors" in her consumer report compiled by EIS.[21] Some of these alleged errors include accounts with "inaccurate date closed"; "inaccurate months reviewed"; "[inaccurate] activity designator"; "[inaccurate] date of last payment"; "[inaccurate] status"; "[inaccurate] date of 1st delinquency"; and lacking "historical data."[22] Accordingly, Ms. Brown asserts that "Equifax has displayed willful noncompliance and reckless negligence in properly investigating consumer claims."[23]

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face."[24] A complaint attacked

---

[16] R. Doc. 29.
[17] *Id.* at 4.
[18] *Id.* at 4–6.
[19] *Id.* at 6.
[20] R. Doc. 32; R. Doc. 32-1.
[21] R. Doc. 32 at 2.
[22] *Id.*
[23] *Id.* at 4.
[24] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

by Rule 12(b)(6) does not need detailed factual allegations but requires more than labels and conclusions.[25] "[A] formulaic recitation of the elements of a cause of action will not do."[26] When evaluating a pleading, courts accept all factual allegations as true.[27] However, courts need not accept legal conclusions as facts.[28]

### III.   ANALYSIS

### A. Original Defendants' Motion to Dismiss (R. Doc. 25)

It is facially apparent, and we agree with the original Defendants' contention,[29] that Ms. Brown's Amended Complaint (R. Doc. 22) fails to plead "factual content that allows the court to draw the reasonable inference that [Equifax, Begor, and Gamble] [are] liable for the misconduct alleged."[30] Furthermore, Ms. Brown never filed a response to this motion. This is consistent with the original Defendants' assertion,[31] and Ms. Brown's concession,[32] that Equifax, Begor, and Gamble are not consumer reporting agencies as defined by the statute[33] and are thus not proper defendants to these claims.[34] Accordingly, Ms. Brown's exclusion of claims against the original Defendants from her Amended Complaint warrants their dismissal.

---

[25] *Id.* at 555.
[26] *Id.*
[27] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).
[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[29] R. Doc. 25-1 at 4.
[30] *Iqbal,* 556 U.S. at 678.
[31] R. Doc. 11 at 4–9.
[32] R. Doc. 17.
[33] 15 U.S.C. § 1681a(f) (defining a "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.").
[34] *See Stevenson v. TRW Inc.,* 987 F.2d 288, 292 (5th Cir. 1993) (citing 15 U.S.C. § 1681*o*) ("A consumer reporting agency that negligently fails to comply with FCRA's requirements is liable for actual damages, costs, and reasonable attorney's fees.").

### B. EIS's Motion to Dismiss (R. Doc. 29)

EIS contends that, in order to state a claim under §1681i of the FCRA, the complaint must allege an actual inaccuracy in the credit file.[35] We agree.[36]

Ms. Brown has not stated a claim under § 1681i because she did not plead sufficient facts for the Court to infer that EIS's credit report was inaccurate.[37] Her annotations marking the credit report entries as simply "inaccurate" are inadequate.[38] Accordingly, Ms. Brown's pleadings fall well short of the threshold required to survive a motion to dismiss under Rule 12(b)(6).[39]

Finally, neither the GLBA,[40] nor §§ 1681(a)(4)[41] and 1681a(d)(2)[42] of the FCRA, confers a right of action to Ms. Brown. As such—especially considering her prior opportunity to amend her complaint and subsequent failure to bolster her claims' plausibility—Ms. Brown's claims against EIS must be dismissed.[43]

---

[35] R. Doc. 29-1 at 4 (citing *Morris v Trans Union LLC*, 420 F. Supp 2d 733, 751 (S.D. Tex. 2006), *aff'd* 224 F. App'x 415 (5th Cir. 2007); *Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 890 (9th Cir. 2010); *Losch v. Nationstar Mortgage LLC*, 995 F.3d 937, 944 (11th Cir. 2021); *Hinton v. Trans Union LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009)).

[36] *See Boothe v. Equifax Info. Servs. LLC*, No. 3:21-CV-1766-D, 2021 WL 5630839 at *3–4 (N.D. Tex. Dec. 1, 2021) (collecting cases).

[37] *Id.* at *4 ("Accordingly, for [plaintiff] to plausibly plead his claims against TransUnion under § 1681e(b) and § 1681i, he must plead sufficient facts for the court to draw the reasonable inference that TransUnion's credit report was inaccurate.")

[38] *See id.* at *5 ("When a plaintiff attaches documents to the complaint, courts are not required to accept the plaintiff's interpretation of those documents."), quoting *Becci v. Equifax Info. Servs. LLC*, 2020 WL 7771204, at *3; *see id.* at *4–5 ("[T]he court's inquiry is focused on *the report's* factual inaccuracy, not on whether [plaintiff] *thought* the report was inaccurate.") (emphasis in original); R. Doc. 22 at 1–2.

[39] *See Iqbal,* 556 U.S. at 663-64 (holding that "conclusory statements" will not survive an attack under Rule 12(b)(6) of the Federal Rules of Civil Procedure).

[40] *See Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954-55, 961 (N.D. Tex. 2013).

[41] §1681(a) merely sets out the findings and policy purpose of the statute. 15 U.S.C. § 1681(a).

[42] § 1681a(d) and its subsections merely define the term "consumer report." 15 U.S.C. § 1681a(d).

[43] *Cf. Bazrowx v. Scott*, 136 F.3d 1053 at 1054-55 (5th Cir. 1998) (holding that dismissal of a *pro se* plaintiff's complaint is proper when further amendment would be futile, or when done without prejudice).

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the original Defendants' Motion to Dismiss[44] is **GRANTED**, and Whitney-Simone Brown's claims against Equifax, Inc., Mark Begor, and John Gamble are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that EIS's Motion to Dismiss[45] is **GRANTED,** and Whitney-Simone Brown's claims against Equifax Information Services, LLC are hereby **DISMISSED** without prejudice.

A judgment consistent with this ruling shall be issued accordingly.

**THUS DONE AND SIGNED** this 11th day of July, 2024.

*/s/ Jerry Edwards, Jr.*
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[44] R. Doc. 25.
[45] R. Doc. 29.